IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division



AUG 1 9 2016

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| **CHRISTOPHER R. SMITH** | * | |
| Petitioner, | * | |
| v. | * | Civil No.: 1:16-cv-00264-MOC-DLH |
| | * | |
| **MICHELLE TOLER SMITH** | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## VOLUNTARY RETURN ORDER

This Voluntary Return Order is made pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 *et seq.*, and with the express consent and agreement of all parties, as evidenced by the signatures of the parties and both parties' counsel below. It is therefore this 19th day of August, 2016, by the United States District Court for the Western District of North Carolina, hereby **ORDERED**:

1.  That by agreement of the parties, the minor child, C.R.S., born in 2004 (the "child"), shall return to France on August 24, 2016, on the previously booked ticket on Delta Airlines flight number DL5259 (Asheville, North Carolina to Atlanta, Georgia) and connecting Air France flight number AF 689 (Atlanta, Georgia to Paris, France). The child shall travel back to Paris, France on the above stated flights with the Respondent, Michelle Toler Smith (the "Mother").

1

2. That by agreement of the parties, the child shall remain in Paris, France until the 2016-2017 French school year has completed. At the conclusion of the 2016-2017 French school year, the child shall relocate to Charlotte, North Carolina with the Mother.

3. That by agreement of the parties, the parties shall complete binding arbitration, in accordance with the North Carolina Family Law Arbitration Act, on the financial aspects of their divorce. No later than September 30, 2016, the parties, through their respective counsel, shall have an agreed arbiter and an agreed arbitration schedule in place for completion of the agreed arbitration. Counsel for the parties shall jointly select the arbiter for this matter. The arbiter shall be North Carolina Board Certified in Family Law. The arbitration shall take place in North Carolina, unless otherwise agreed between the parties. The arbitration shall be completed no later than December 31, 2016, unless the arbiter orders a different date for completion of the arbitration. Each party shall pay his or her own attorney's fees, suit money, expenses, and costs of the arbitration, subject to redistribution by order of the arbiter. The parties stipulate and agree that North Carolina law applies in determining all financial issues, including post-separation support, alimony, equitable division, child support, and attorney's fees. The arbitration award shall be subject to review on errors of law only.

4. That by agreement of the parties, the *Ex Parte* Emergency Custody Order entered by the General District Court of Justice, in Mecklenburg County, shall be VACATED forthwith. This federal consent order shall also be made a consent order in the General District Court of Justice, in Mecklenburg County in Case No.: 16-CVD-10613 and shall be made a consent order in the French action filed by the Father in France. The North Carolina divorce and custody action filed by the Mother, and the French divorce and custody action filed by the Father shall be STAYED until the completion of the arbitration.

5. That by agreement of the parties, each party shall pay his or her own attorney's fees, suit money, necessary expenses, and costs associated with this matter, and each party waives any and all claims against the other under the Hague Convention and/or ICARA for necessary expenses and attorney's fees.

6. This Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention. This Voluntary Return Order is made under the authority of 22 U.S.C. 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 7 of the 1980 Hague Convention.

7. This Consent Order shall be enforceable by the contempt powers of this Court, the North Carolina Court, and the French Court.

IT IS SO ORDERED:

_____
Honorable Max O. Cogburn, Jr.
United States District Judge
United States District Court for the
Western District of North Carolina

**APPROVED AS TO FORM AND CONTENT:**

_____
Christopher R. Smith
Petitioner

_____
Sheila G. Passenant
Brione B. Pattison, Bar No. 39273
Passenant & Shearin Law
8832 Blakeney Professional Drive
Suite 205
Charlotte, North Carolina 28277
(704) 221-1111
sheila@psfamilylaw.com
brione@psfamilylaw.com

_____
Michelle Toler Smith
Respondent

_____
Preston O. Odom, III, Bar No. 29587
George R. Kornegay, III, Bar No. 12459
M. Neya Warren, Bar No. 28845
James, McElroy & Diehl, P.A.
600 S. College Street
Charlotte, NC 28202
(704) 372-9870
(704) 333-5508 (fax)
podom@jmdlaw.com
rkornegay@jmdlaw.com
nwarren@jmdlaw.com

*Attorneys for Respondent*

*[signature: Stephen Cullen]*

Stephen J. Cullen, *Pro Hac Vice*
Kelly A. Powers, *Pro Hac Vice*
Miles & Stockbridge P.C.
1500 K Street, N.W., Suite 800
Washington, D.C. 20005
(202) 465-83754
(410) 385-3709 (fax)
kpowers@milesstockbridge.com
scullen@milesstockbridge.com

*Attorneys for Petitioner*