UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00264-MOC-DLH

| | | |
|---|---|---|
| **CHRISTOPHER R. SMITH,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **MICHELLE TOLER SMITH,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Respondent's Second Motion to Continue

Hearing (#20), which was submitted less than 48 hours before the scheduled evidentiary hearing,

and to which Petitioner opposes. Having considered the Motion, the court will deny the

requested continuance. This evidentiary hearing in this matter has already been continued once.

Despite the fact that Respondent states that she has recently retained a "Hague Convention

expert" to "consult with" about these proceedings and wants time to conduct discovery, the court

notes that three attorneys from a prominent lawfirm with expertise in family law matters have

already made appearances in this case and made filings on Respondent's behalf. Respondent is

therefore well-represented. Additionally, Respondent makes no effort to explain why she chose

to retain an expert who stated by an affidavit dated August 17, 2016 that he is unavailable to

appear in this court for two weeks due to "serious medical issues" that require his presence in

Florida, see (#20-1), when this court has already made efforts to accommodate the pressing

nature of the dispute between the parties. See Chafin v. Chafin, 133 S. Ct. 1017, 1028 (2013)

(Ginsburg, J. concurring) ("The driving objective of the Hague Convention on the Civil Aspects

of International Child Abduction … is to facilitate custody adjudications, promptly and exclusively, in the place where the child habitually resides. To that end, the Convention instructs Contracting States to use the most expeditious procedures available to secure the return of a child wrongfully removed or retained away from her place of habitual residence.") (citations and quotation marks omitted). Finally, the court notes that Petitioner has stated in his Response (#22) that he has now traveled to the United States from France twice in the past two weeks based upon the dates set for hearing by the court. To re-schedule the matter again on such short notice appears to the court to be a waste of resources. While the court will deny the continuance, if, at the August 19 hearing, the court determines that either party needs more time to adequately present their case, it will consider allowing additional time. At this point, however, the court does not find that a continuance is warranted.

### ORDER

**IT IS, THEREFORE, ORDERED** that Respondent's Second Motion to Continue Hearing (#20) is **DENIED**.

As a matter of housekeeping, the court notes that the hearing scheduled for August 19, 2016 is an **evidentiary hearing**, not a trial, the purpose of which is to determine under the Hague Convention whether Respondent's retention of the child in the United States is wrongful, as alleged by Petitioner.

Signed: August 19, 2016

Max O. Cogburn Jr
United States District Judge